IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LACEDRIC W. JOHNSON,<br><br>    Petitioner,<br><br>vs.<br><br>P.D. BRAZELTON,<br><br>    Respondent. | No. C 12-0720 JSW (PR)<br><br>**ORDER TO SHOW CAUSE** |

## INTRODUCTION

Petitioner is a California prisoner proceeding pro se, and he has filed a pro se habeas corpus petition pursuant to 28 U.S.C. § 2254. He has paid the filing fee. This order directs Respondent to show cause why the petition should not be granted.

## BACKGROUND

In 1997, a jury in San Mateo County Superior Court convicted Petitioner of carjacking and assault. Based on these convictions and sentencing enhancements, the trial court sentenced him to a term of 36 years in state prison. Petitioner's appeals to the California Court of Appeal and the Supreme Court of California were denied in 1999. A petition for a writ of habeas corpus in the superior court was denied.

## DISCUSSION

I    <u>Standard of Review</u>

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is

in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

II     <u>Legal Claims</u>

As grounds for federal habeas relief, Petitioner claims: (1) his sentence exceeded that allowed under state law because the trial court relieved the prosecution of every element of the sentence enhancements beyond a reasonable doubt; (2) the trial court abused its discretion in sentencing Petitioner to aggravated and consecutive terms; and (3) the state court's decision violated the Antiterrorism and Effective Death Penalty Act because it unreasonably applied federal law and relied upon unreasonable factual determinations.

Petitioner's first claim, when liberally construed, is cognizable. *See Walker v. Endell*, 850 F.2d 470, 477 (9th Cir. 1987).

Petitioner's second claim, even when liberally construed, is not cognizable because it only asserts a violation of state law. *See Wilson v. Corcoran*, 131 S. Ct. 13, 16 (2010) (federal habeas relief not available for violations of state law). A state trial court's abuse of discretion in sentencing may be prohibited by state law but not by federal constitutional law; due process does not preclude a state court from imposing the maximum sentence allowed under the state statutes. *See Walker*, 850 F.2d at 476. Petitioner's second claim does not argue that the sentence exceeds that authorized under the statute, only that the trial court should have imposed a term that is shorter than the maximum authorized by state law.

Petitioner's third claim merely states the standard of review applicable to federal habeas petitions challenging state court convictions. *See* 28 U.S.C. § 2254(d). It does not state any independent grounds for federal habeas relief. The standard of review will be applied to Petitioner's cognizable claim.

2

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. Petitioner's second and third claims are DISMISSED.

2. The Clerk shall serve by certified mail a copy of this order and the petition, and all attachments thereto, on Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk also shall serve a copy of this order on Petitioner.

3. Respondent shall file with the Court and serve on Petitioner, within **eighty-four (84)** days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based upon the claim found cognizable above. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition. If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **twenty-eight (28) days** of the date the answer is filed.

4. Respondent may, within **eighty-four (84) days**, file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **twenty-eight (28)** days of the date the motion is filed, and Respondent shall file with the Court and serve on Petitioner a reply within **fourteen (14)** days of the date any opposition is filed.

//
//

3

1     5. It is Petitioner's responsibility to prosecute this case. Petitioner must keep the Court informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

    IT IS SO ORDERED.

DATED: July 9, 2012

                                          JEFFREY S. WHITE  
                                          United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LACEDRIC W JOHNSON,<br><br>             Plaintiff,<br><br>  v.<br><br>P D BRAZELTON et al,<br><br>             Defendant.<br>_____ / | Case Number: CV12-00720 JSW<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 9, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Lacedric W. Johnson H-28940
Pleasant Valley State Prison
P.O. Box 8500
Coalinga, CA 93210

Dated: July 9, 2012

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk